IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,682-01






EX PARTE ROY NEAL SHELLING, JR., Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 770224-A IN THE 262ND

DISTRICT COURT HARRIS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was found guilty of murder and was sentenced to life in prison. The
conviction was subsequently affirmed on direct appeal in an unpublished opinion. Shelling
v. State, No. 01-98-01048-CR (Tex. App.--Houston [1st Dist.] delivered May 3, 2001, pet.
ref'd).

 In this application for a writ of habeas corpus, Applicant contends that he was denied
due process and that his trial counsel provided ineffective assistance. While the trial court
has entered findings of fact and conclusions of law, it is this Court's opinion that additional
information is needed before this Court can render a decision on these grounds. Because this
Court does not hear evidence, though, the trial court is the appropriate forum. Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. The trial court may hold an evidentiary hearing, or it may order additional
affidavits, depositions, or interrogatories.

 Applicant is currently represented by retained counsel. If the court orders an
evidentiary hearing, and Applicant is not represented by retained counsel before or at the
evidentiary hearing, the trial court shall decide whether Applicant is indigent. If the court
finds that Applicant is indigent, and Applicant desires to be represented by counsel, the court
will then, pursuant to the provisions of Article 26.04 of the Texas Code of Criminal
Procedure, appoint an attorney to represent him at the hearing.

 Following the hearing, the trial court shall make written findings of fact and
conclusions of law regarding: (1) whether Applicant's trial counsel was ineffective for failing
to adequately object to the introduction or solicitation of the O.J. Simpson evidence,
testimony, or statements; (2) whether Applicant's trial counsel was ineffective due to an
actual conflict of interest that affected the adequacy of his representation; and (3) if an actual
conflict of interest existed, whether Applicant was informed by counsel of and consented to
counsel's continued representation. The trial court shall also make any further findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing the transcription of the court reporter's notes from the hearing along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned
to this Court within 120 days of the date of this order. (2)




DELIVERED: APRIL 26, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.